**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORPORATION,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**SEARS, ROEBUCK AND CO.,**<br><br>　　　　　　　　**Defendant** | Civil Action No.:<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Internet Media Interactive Corporation ("IMIC") makes the following claims for relief against Defendant Sears, Roebuck and Co. ("Sears") as follows:

**NATURE OF LAWSUIT**

1.　This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**PARTIES AND PATENT**

2.　Plaintiff IMIC is a Delaware corporation with its principal place of business at 625 Barksdale Professional Center, Suite 113, Newark, Delaware 19711.

3.　IMIC owns and has all right, title and interest in United States Patent No. 6,049,835 ("the '835 Patent"), entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000. Hence, IMIC has the exclusive right to license and enforce the '835 Patent and to collect damages for infringement. IMIC, thus, has standing to sue for infringement of the '835 Patent. A copy of the '835 Patent is attached as

Exhibit A. The '835 Patent is generally directed to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

4.  Sears, Roebuck and Co. is a corporation organized under the laws of the State of New York with its principal place of business is at 3333 Beverly Road, Hoffman Estates, Illinois, 60179. Sears, Roebuck and Co. is a wholly owned subsidiary of Sears Holdings Corporation.

5.  Sears distributes advertisements instructing recipients to enter a code.

## JURISDICTION AND VENUE

6.  IMIC's claim for patent infringement against Sears arises under the patent laws of the United States including 35 U.S.C. §§271 and 281.

7.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

8.  This Court has personal jurisdiction over the Defendant because the Defendant operates and conducts business in the state of Illinois, is headquartered in the state of Illinois, and direct advertisements at residents of Illinois that are covered by the claims of the '835 Patent in this judicial district.

9.  Defendant is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois.

10.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

**DEFENDANT'S ACTS OF PATENT INFRINGEMENT**

11.     Defendant publishes compilations of ads with an assigned code, referred to as a "QR code."

12.     For example, Defendant publishes the following ads containing a QR code in Sears catalogs:

 

13.     Upon information and belief, Defendant contracts with Vibes.com (Vibes Media, LLC) to create the QR codes included in Sears' ads.

14.     A unique predetermined multi-digit jump code is encoded in the "QR codes" published by Defendant.

15.     Each QR code corresponds to a preselected Internet location, including, for example, https://www.youtube.com/watch?v=9Vgt18ls4H8&feature=youtu.beExample and https://www.youtube.com/watch?v=-hDSTU3DFTU&feature=youtu.be.

16. Each QR code published in the Sears ads also contains a predetermined Internet location like, for example, qr.m.qr.vibescm.com.

17. qr.m.qr.vibescm.com has software for capturing the multi-digit jump code.

18. By publishing the QR codes, Defendant induces users to scan the QR codes using a smartphone scanning application and thereby access the predetermined Internet location, qr.m.qr.vibescm.com.

19. After qr.m.qr.vibescm.com is accessed, the user, through use of a smartphone scanner application, enters the multi-digit jump code at qr.m.qr.vibescm.com.

20. Vibes.com (Vibes Media, LLC) receives the jump code entered at the qr.m.qr.vibescm.com website.

21. Vibes.com (Vibes Media, LLC) converts each jump code to a URL address corresponding to each Sears' advertisement, such as https://www.youtube.com/watch?v=9Vgt18ls4H8&feature=youtu.be or https://www.youtube.com/watch?v=-hDSTU3DFTU&feature=youtu.be.

22. Thereafter, Vibes.com (Vibes Media, LLC) automatically accesses said Sears content.

23. Defendant has knowingly induced and continues to knowingly induce infringement of at least claim 1 of the '835 Patent within the meaning of 35 U.S.C. § 271(b) by inducing customers to use the system of claim 1 of the '835 Patent with a smartphone scanning application, as specified above.

24. Defendant has also contributed to the infringement of claim 1 of the '835 Patent under 35 U.S.C. § 271(c) through, among other things, publishing a compilation of QR codes,

which Sears knows is a material component of the claimed system of claim 1, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use.

25. Sears has had knowledge of the '835 Patent since at least as of the filing date of this Complaint.

26. Such infringing activities have damaged IMIC. IMIC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

27. Defendant's infringement has injured and will continue to injure IMIC, unless and until this Court enters an injunction prohibiting further infringement of the '835 Patent.

28. Sears has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '835 Patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, IMIC asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. An award of damages adequate to compensate IMIC for the infringement that has occurred, together with prejudgment interest from the date infringement of the '835 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

B. An award to IMIC of all remedies available under 35 U.S.C. § 284;

C. An award to IMIC of all remedies available under 35 U.S.C. § 285;

D. A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '835 Patent; and

E.  Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

IMIC demands a trial by jury on all issues so triable.

Dated: September 11, 2014               Respectfully submitted,

*/s/ Ashley E. LaValley*
Timothy J. Haller
Ashley E. LaValley
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
alavalley@nshn.com

***Attorneys for Plaintiff,
Internet Media Interactive Corporation***